UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

*In re*:

BRUCE CHARLES DURAND,                     Case No. 23-12043-11
(Jointly Administered)

Debtor.

DURAND LAND HOLDINGS, LLC,                Case No. 23-12045-11

Debtor.

### DECISION ON NEWTEK SMALL BUSINESS FINANCE, LLC'S MOTION IN LIMINE TO PRECLUDE DEBTOR'S APPRAISER WITNESS AND EXHIBIT AT MARCH 14, 2024, HEARING

Newtek moves to exclude any appraisal of real property and to prohibit testimony by appraiser Darin Voegeli ("Voegeli"). The motion seeks to exclude evidence or testimony not previously disclosed by the Debtor, Bruce Charles Durand, and required to have been disclosed and filed at least seven days before the final hearing. The Debtor has filed no opposition to the motion.

The Debtor didn't comply with this Court's order. Debtor filed these cases on November 14, 2023. Newtek moved for relief from stay on January 30, 2024, and this Court held a preliminary hearing on February 21. At the hearing, this Court set a final hearing on Newtek's motion for March 14 and issued a final hearing order. The order states that "[a]t least seven (7) days prior to the trial date, all parties are to exchange and file with the court copies of all exhibits they intend to introduce in evidence." The order continues: "**Failure to make**

**the required submission of the witness list or exhibit list is a waiver of the opportunity to present evidence**" (emphasis in original).

Considering that Debtor filed these petitions on an emergency basis (to stop the confirmation of Newtek's sheriff's sale that was scheduled for the day after filing), he and his counsel should have anticipated the need to hire an appraiser. But Debtor did not file an application to employ an appraiser until more than three months after filing the petition [ECF No. 64], and more than three weeks after Newtek filed this motion for relief from stay. His application to employ an appraiser faces an objection from the U.S. Trustee and he has yet to submit any kind of appraisal fit for an evidentiary hearing.

Pivotal issues in this contested matter are the value of properties, adequate protection, and whether there is any reasonable likelihood of a feasible plan, thus making the properties necessary for an *effective* reorganization.

Pursuant to Federal Rules of Evidence 702, 703, and 403, Newtek requests that the Court prohibit introduction of an expert report (the appraisal) and testimony of Voegeli. Newtek further seeks an order prohibiting Voegeli from testifying at the trial on this matter. For the reasons stated below, Newtek's motion is granted.

A motion in limine aids the trial process by allowing the Court to rule before trial on the relevance and admissibility of certain evidence that is expected to be presented, thus avoiding delay caused by the interruption of the

2

trial to hear argument on these issues. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.,* No. 2:18-cv-3487, 2023 WL 3409039, at *1 (D.S.C. May 12, 2023); *see also In re Corp. Res. Servs., Inc.,* 603 B.R. 888, 892 (Bankr. S.D.N.Y. 2019). Judges have broad discretion when ruling on motions in limine. *See Aqueous,* 2023 WL 3409039, at *1 (citing *Kauffman v. Park Place Hosp. Grp.,* 468 F. App'x 220, 222 (4th Cir. 2012)). Only evidence that is "clearly inadmissible on all potential grounds" should be excluded on a motion in limine. *Id.* (quoting *United States v. Verges,* No. 1:13cr222, 2014 WL 559573, at *3 (E.D. Va. Feb. 12, 2014)). The proponent of the evidence bears the burden of establishing that the admissibility requirements are met by a preponderance of the evidence. *See Bourjaily v. United States,* 483 U.S. 171 (1987); *see also In re Corp. Res. Servs., Inc.*, 603 B.R. at 895 ("The party seeking to admit an expert bears the burden of demonstrating admissibility by a preponderance of the evidence.").

A. *Federal Rule of Evidence 403*

Federal Rule of Evidence 403 allows the Court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Court "must balance the probative value of and need for the evidence against the harm likely to result from its admission." *Nat'l Ass'n*

3

*for Advancement of Colored People, Inc. v. City of Myrtle Beach,* 503 F. Supp. 3d

390, 394 (D.S.C. 2020).

B. *Federal Rules of Evidence 702 and 703*

Federal Rule of Evidence 702 requires a judge to ensure that all

scientific, technical, or other specialized knowledge is not only relevant but also

reliable. *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 147 (1999). Rule 702

provides:

> A witness who is qualified as an expert by knowledge, skill,
> experience, training, or education may testify in the form of an
> opinion or otherwise if the proponent demonstrates to the court that
> it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge
>     will help the trier of fact to understand the evidence or to
>     determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods;
>     and
>
> (d) the expert's opinion reflects a reliable application of the
>     principles and methods to the facts of the case.

Fed. R. Evid. 702. The judge's role when deciding whether to admit an expert

report or testimony is to act as a gatekeeper with wide discretion. *Hanckel v.*

*Campbell (In re Hanckel),* No. 12-04936, Adv. No. 14-80116, 2015 WL 8607388,

at *15 (Bankr. D.S.C. Dec. 11, 2015) (citing *Cooper v. Smith & Nephew, Inc.,*

259 F.3d 194, 199 (4th Cir. 2001)). To be admissible as evidence, the Court

must find that the expert testimony is both reliable and relevant. *Daubert v.*

*Merrell Dow Pharms., Inc.,* 509 U.S. 579, 597 (1993); Fed. R. Evid. 402

("Irrelevant evidence is not admissible."). When determining reliability of an

expert opinion, the judge "must ensure that the proffered expert opinion is

based on scientific, technical, or other specialized knowledge and not on belief

or speculation, and inferences must be derived using scientific or other valid

methods." *Nease v. Ford Motor Co.,* 848 F.3d 219, 229 (4th Cir. 2017). As to the

relevancy of the evidence, the standard under the Federal Rules of Evidence is

liberal—evidence from an expert is relevant if it helps the trier of fact

understand the evidence or determine a fact in issue. *Id.*

There are problems with the proposed testimony or opinions. By failing to

disclose a report and provide the exhibit:

(i) there is no statement of all opinions the witness would express and

the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that were used to summarize or support them; or

(iv) the witness's qualifications, including a list of all publications

authored in the previous ten years.

"[A] party who fails to comply with the expert witness disclosure rules is

prohibited from 'us[ing] that information or witness to supply evidence ... at a

trial, unless the failure was substantially justified or is harmless.'" *Bresler v.

Wilmington Tr. Co.,* 855 F.3d 178, 190 (4th Cir. 2017) (citing Fed. R. Civ. P.

37(c)(1)). "The party failing to disclose information bears the burden of

establishing that the nondisclosure was substantially justified or was harmless." *Id.*

To determine whether nondisclosure or untimely disclosure is substantially justified or harmless, the Court is guided by five factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence. *Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 596 (4th Cir. 2003). Here, Newtek had no opportunity to review the report or any opinions. There was no explanation for the failure to comply with the Court order and no suggestion of excusable neglect. It is clear the only basis is that Debtor had not yet actually retained or paid the expert because he lacked the funds to timely do so.

For these reasons, Newtek's motion is granted as follows:

(1) Newtek's request to exclude from evidence any appraisal is granted; and

(2) Newtek's request to exclude Voegeli's testimony is granted.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

6

A separate order consistent with this decision will be entered.


Dated:   March 15, 2024

BY THE COURT:

_____

Hon. Catherine J. Furay
U.S. Bankruptcy Judge